IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT W. RHODES, III )<br>MARY H. RHODES )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. ) | No. 1:06-cv-1483 (EGS) |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: October 23, 2006.    Respectfully submitted,

/s/ Pat S Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6390/514-6866
Email: Pat.Genis@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

1985338.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT W. RHODES, III ) | |
| MARY H. RHODES ) | |
| ) | |
| Plaintiffs, ) | No. 1:06-cv-1483 (EGS) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiffs seek damages for alleged "wrongful collection" of federal taxes. Plaintiffs also seek "replevin of any and all property" and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

QUESTION PRESENTED

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs. Plaintiffs do not allege that they exhausted administrative remedies. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?1/

---

1/ Plaintiffs have also failed to file a certification that they served the United States, so it is unclear whether proper service has been effected. If it has not, this Court does not have jurisdiction over this matter. Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party." Under rule 4(I), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is

1985338.1

STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs, Robert W. & Mary H. Rhodes, filed a complaint on August 21, 2006, seeking damages for alleged wrongful collection. (PACER #1.)

2. <u>Relief sought in the complaint</u>.  Plaintiffs allege that agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code.  (Compl. Counts 1-41.)  Plaintiffs seek damages in the amount of "$10,000 per disregard."  (Compl. Prayer for Relief at 1.)  Plaintiffs also seek "replevin

---

brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the *civil process clerk* at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed. R. Civ. P. 4(I) (emphasis added); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

of any and all property" 2/ and an injunction preventing United States employees from "further acting in disregard of law or regulation."3/  (Compl. Prayer for Relief at 2 & 4.)

ARGUMENT

I.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seeks damages. (Compl. generally.) This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to allege that they filed an administrative

---

2/ Plaintiffs' replevin action is in reality an action seeking a refund of federal taxes. Because plaintiffs fail to allege that they filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction. *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).

Alternatively, if the Court treats plaintiffs' replevin action as a tort action, the Court still lacks subject matter jurisdiction. *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan). The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment. *See FDIC v. Meyer*, 510 U.S. 471 (1994). But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax. *See* 28 U.S.C. § 2680. A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency. *See McNeil v. United States*, 508 U.S. 106 (1993); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68. Plaintiffs have not alleged that they filed an administrative claim, thus the Court lacks subject matter jurisdiction over their replevin action.

3/ Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuire v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service*."  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See Holt v. Davidson*, --- F.Supp.2d ----, 2006 WL 2106961, * 3 (D.D.C. 2006) (Urbina); *McGuire v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).4/

---

4/ In *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), this Court dismissed a similar complaint for failure to state a claim holding that the failure to exhaust administrative remedies was not a jurisdictional defect. The United States understands the Court to have relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in reaching its conclusion. In *Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit, rather than a suit involving the United States. The United States respectfully asserts that this difference in parties is significant. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations.  Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiffs have not met their burden to prove

---

statutory schemes of relief involving materially different parties. Accordingly, the United States asserts that the failure to state a claim is jurisdictional.

The United States' position is supported by the legislative history of section 7433(d) and its implementing regulations.  Both the House Ways and Means Committee Report and the Senate Finance Committee Report for the Taxpayer's Bill of Rights (TBOR) IIIprovide that "no person is entitled to seek civil damages . . . in a court of law unless he first exhausts their administrative remedies," H.R. Rep. 105-356, 105th Cong., 1st Sess. (Oct. 29, 1997); S.R. Rep. 105-174, 105th Cong. 2d Sess. (April 22, 1998).  Plainly, Congress intended to make exhaustion a jurisdictional requirement.

The regulations implementing section 7433 provides that no action can be maintained in federal court until after an administrative claim has been denied or 6 months after an administrative claim has been filed.  Thus, the implementing regulations makes exhaustion of administrative remedies a prerequisite for filing an action, and thus jurisdictional.  It is well settled that a court should ordinarily defer to the regulation if it "implement[s] the congressional mandate in some reasonable manner."  *United States v. Correll*, 389 U.S. 299, 307 (1967); *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979).  A regulation carries out the congressional mandate if it "harmonizes with the plain language of the statute, its origin, and its purpose."  *National Muffler*, 440 U.S. at 477.  And, "the choice among reasonable interpretations is for the commissioner, not the courts."  *Id*.  This Circuit has recognized that the Commissioner's interpretation of a statute is valid and entitled to deference if it evidences a reasonable interpretation necessary to implement a congressional mandate.  *See*, *Boulez v. Comm'r*, 810 F.2d 209 (D.C. Cir. 1987).  Since both the legislative history and the implementing regulations for section 7433 evince a determination that failure to exhaust administrative remedies is jurisdictional, this Court should defer to this interpretation, and dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

Nevertheless, even if the Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiffs' complaint for failure to state a claim for which relief can be given, as set forth in *Turner*.

exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint. Because plaintiffs failed to allege that they filed an administrative claim for damages, the Court should dismiss the complaint.

II.

### THE COURT DOES NOT HAVE JURISDICTION UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT, OR MANDAMUS FOR PLAINTIFFS' CLAIM FOR DAMAGES

Plaintiffs also assert jurisdiction for their damages claim under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act and mandamus. (*See* Compl. ¶¶ II.A.2.-4., C.1.-3.) None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes. An action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *See Murphy v. Internal Revenue* Service, 460 F.3d 79, 82 (D.C. Cir. 2006), *pet. for reh. en banc pending* ; *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuire v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished). Sovereign immunity is not waived merely because the action may involve a federal question. *See, e.g., Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Section 1651 of Title 28 does not operate as a waiver of sovereign immunity. *See Benvenuti v. Dept. of Defense*, 587 F.Supp. 348 (D.D.C. 1984). Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its

own.5/ *See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (citing other cases). Thus, the Court lacks subject matter jurisdiction and the complaint should be dismissed.

Plaintiffs have failed to demonstrate a waiver of sovereign immunity thereby establishing the Court's jurisdiction over their section 7433 damages claim. Therefore, the Court should dismiss the complaint.

III.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE FOIA OR THE PRIVACY ACT
FOR PLAINTIFFS' CLAIM FOR DAMAGES.

Plaintiffs also appear to assert that the Court has jurisdiction under the Freedom of Information Act ("FOIA") and the Privacy Act. (*See* Compl. ¶¶ II.C.1.b.2-4.)6/ The FOIA provides limited relief to plaintiffs and limited jurisdiction to courts: a Court may "enjoin the agency from withholding agency records and . . . order the production of

---

5/ Moreover, plaintiffs fail to state a claim for which relief may be granted under 28 U.S.C. § 1361. A writ of mandamus may be issued only when plaintiffs can show: (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act that the plaintiff requests; and (3) no other adequate remedy is available. *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999). Plaintiffs clearly do not meet these requirements. For example, plaintiffs have an adequate remedy at law. They can bring suit under 26 U.S.C. § 7433 to address their allegations of wrongful collection or they can bring suit under 26 U.S.C. § 7422 to address their prayer for a return of all property. In either situation, they first need to exhaust administrative remedies.

6/ 5 U.S.C. § 552 (FOIA); 5 U.S.C. § 552a (Privacy Act).

any agency records improperly withheld from the complainant."7/ Courts have explained that the "FOIA merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency. It does not provide a litigant with other [...] remedies against the United States."8/ Neither the FOIA nor the Privacy Act provide for damages for alleged wrongful collection actions.

Additionally, in a FOIA action and a Privacy Act action, the only proper defendants are federal departments and agencies.9/ Accordingly, the Court lacks personal jurisdiction over the United States and the complaint must be dismissed.

---

7/  5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3(A) (Privacy Act) ("[T]he court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.")

8/  *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998).  This conclusion is further supported by the principle of sovereign immunity.  "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added).  In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

9/  5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.DC. 1990)).

CONCLUSION

Because the Court lacks jurisdiction over the complaint, the complaint should be dismissed.

DATE: October 23, 2006.                Respectfully submitted,

                                       /s/ Pat S Genis
                                       PAT S. GENIS, #446244
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       Post Office Box 227
                                       Washington, DC  20044
                                       Phone/Fax:  (202) 307-6390/514-6866
                                       Email: Pat.Genis@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS COMPLAINT, supporting MEMORANDUM, and proposed ORDER were served upon plaintiffs *pro se* on October 23, 2006, in accordance with the Court's ECF procedures, and by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>    Robert W. Rhodes
>    Mary H. Rhodes
>    Plaintiffs *pro se*
>    P.O. Box 1255
>    Hagerstown, MD 21740

                       /s/ Pat S. Genis
                       PAT S. GENIS, #446244